ENID W. HARRIS, ESQUIRE
Pa. Supreme Court ID #30097
HARRIS & VAN JURA, Law Offices
26 PIERCE STREET
KINGSTON, PA  18704
Phone:  (570) 288-7000
Fax: (570) 288-7003
E-mail: eharris@epix.net
ATTORNEY FOR DEFENDANT, TAIWAN AUSTIN

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 1:01-CR-00291-1 |
| vs. | : | |
| | : | (William J. Caldwell, J.) |
| TAIWAN AUSTIN, | : | |
| Defendant | : | *[Electronically Filed]* |

## MOTION FOR DOWNWARD DEPARTURE
## IN SUPPORT OF ACCEPTANCE OF RESPONSIBILITY, AND
## IN OPPOSITION TO ALLOCATION OF A TWO-LEVEL ENHANCEMENT
## FOR POSSESSION OF A GUN
## PURSUANT TO U.S.S.G. §2D1.1(b)(1)
## AND CONSOLIDATED MEMORANDUM OF LAW

NOW, comes the Defendant, TAIWAN AUSTIN, through counsel, and moves the Court to depart from the sentence indicated by the Federal Sentencing Guidelines and the applicable range of the Federal Sentencing Guidelines and request that the Court reduce the base Offense Level by three levels for acceptance of responsibility and decline to increase the Offense Level by three levels for possession of a gun pursuant to U.S.S.G. §2D1.1(b)(1), and sets forth the following in support thereof:

**I.    PROCEDURAL BACKGROUND**

In the Indictment filed September 5, 2001, the Defendant, Taiwan Austin, was charged in Count

I with distribution of over 50 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1), and Count III with conspiracy to distribute over 50 grams of crack cocaine, in violation of 21 U.S. §846. On September 11, 2002, a Superceding Indictment was filed charging Defendant with distribution of crack cocaine, in violation of 21 U.S.C. §841(a)(1), but omitting the allegations regarding drug quantity. On September 12, 2002, Defendant entered a plea of guilty to the Superceding Information, thus capping his maximum sentence at 20 years imprisonment (Tr. 9/12/02). On May 29, 2003, this District Court imposed a sentence of 240 months imprisonment, three years supervised release, a $2,000 fine, and a $100 special assessment. (Tr. 5/29/03). The sentence was based on the determination by a preponderance of the evidence on numerous factual findings that the Defendant disputes; namely: (1) The Defendant, Taiwan Austin, was responsible for in excess of 50 grams of cocaine; (2) The Defendant, Taiwan Austin, personally or constructively possessed a gun with his brother (Lamont Austin), and (3) The Defendant failed to demonstrate a recognition of and an affirmative acceptance of personal responsibility and failed to timely notify authorities of his intention to enter a plea of guilty entitling him to a three-level reduction for acceptance of responsibility under §3E1.1(a). The Third Circuit Court of Appeals vacated Defendant's sentence and remanded to this Court for resentencing pursuant to the United States Supreme Court decision in <u>United States v. Booker</u>, 543 U.S. _____, 125 S.Ct. 738 (2005). (Judgment Order <u>United States of America v. Taiwan Austin</u>, No. 03-2659 of April 13, 2005). Sentencing has been set for June 28, 2005, and this Motion and consolidated Memorandum of Law are submitted in support of Defendant's contentions that he is responsible for less than 50 grams of crack cocaine, that he is entitled to a three-level reduction for acceptance of responsibility and a two-level increase in his Offense Level should not be applied for possession of a gun. This Memorandum is also in support of departures based

2

on a totality of the circumstances and based on circumstances not taken into account by the Sentencing Guidelines that take the case outside the heartland of the Sentencing Guidelines.

**II.    PRE-SENTENCE REPORT AND THE PRIOR DETERMINATION OF THE DISTRICT COURT**

The Pre-Sentence Report recommends an adjusted Offense Level of 40 and specifically recommends that Taiwan Austin be accountable for a base Offense Level of 36 for offenses involving at least 500 grams but less than 1.5 kilograms of cocaine base. The Report recommends that Taiwan Austin's sentence be increased by two levels pursuant to §2D1.1(b)(2) for possession of a firearm, and that his Offense Level be increased two levels under §3D1.4 because Erin and Rebekah Cook were both under the age of 18 at the time of Defendant's offense (PSR, p. 14). The Pre-Sentence Report further recommends a Criminal History Category of VI based upon a total of thirteen (13) criminal history points and also because Taiwan Austin is a career offender under §4B1.1(b) (PSR, pp. 5-8).

The Offense Level computation was as follows:
    Base Offense Level:                                                                 36
    Specific Offense Characteristics:
        Pursuant to U.S.S.G. §2D1.1(b)(2),
        Two levels were added because firearms
        were possessed:                                                               + 2
    Assessment for role in the offense:
        The Defendant used or attempted to
        use a person less than 18 years of age to commit
        the offense or assist in avoiding detection,
        or apprehension of the offense. Two levels were
        added pursuant to §3B1.4                                                      + 2
    Total Offense Level:                                                                40

The Pre-Sentence Report assumes, contrary to the Plea Agreement and the representations by the

Government at the guilty plea colloquy, that Taiwan Austin is not entitled to a one-level reduction under §3E1.1(b) for timely notifying authorities of his intention to enter a plea of guilty. The Report does not recommend a two-level reduction for acceptance of responsibility under §3E1.1(a).

The Defendant has objected to the Pre-Sentence Report on several grounds and continues to object to the Pre-Sentence Report on several grounds (PSR cover sheet signed 4/17/03 and attached correspondence of April 22, 2003). Defendant continues to object to the Pre-Sentence Report's calculation of the amount of crack cocaine of "at least 500 but less than 1.5 kilograms of cocaine base". Defendant denies any involvement with the 50.2 grams of crack cocaine found in the residence of Rebekah and Erin Cook as well as any amounts of crack cocaine allegedly attributable to him by Michelle Moudy.

This Court made a determination at the initial sentencing hearing that Taiwan Austin's Criminal History Category was a VI (Statement of Reasons, p. 1). The Court indicated that this was because Taiwan Austin was a career offender as defined by U.S.S.G. §4B1.1(b). This Court and the parties agreed that the enhancement for use of a minor under U.S.S.G. §4B1.1(a) was not applicable, since Erin and Rebekah Cook were older than 18 at the time they met Taiwan Austin (Tr. 5/29/03, pp. 96-97). The Court determined the amount of drugs attributable to <u>both</u> Taiwan Austin and his brother Lamont Austin to be 50 to 150 grams of crack cocaine (Tr. 5/29/03, pp. 50-53, 57; Statement of Reasons, p. 1). The Court determined that the gun found in the Cook house was brought there jointly by Lamont and Taiwan Austin and was connected with the offenses justifying a two-level increase under U.S.S.G. §2D1.1(b)(2) (Tr. 5/29/03, pp. 93-96). The resulting Offense Level computation was as follows:

    The Offense Level computation was as follows:
        Base Offense Level:                                    32
        Specific Offense Characteristics:

|  |  |
|---|---|
| Pursuant to U.S.S.G. §2D1.1(b)(2), Two levels were added because firearms were possessed: | + 2 |
| Total Offense Level: | 34 |

For a Criminal History Category of VI, the Guideline imprisonment range of Taiwan Austin was 262 to 327 months. The statutory maximum for the offense to which Taiwan Austin has pleaded is 240 months.

For the reasons set forth herein, it is Taiwan Austin's contention that the Court should determine that he has accepted responsibility, that he distributed only 7 grams of crack cocaine and that the increase for possession of a firearm does not apply, giving him a total **Offense Level of twenty nine (29)** and a **Criminal History Category of VI** and a sentence of **151 to 188 months**. The Defendant also argues herein for additional reductions in his Offense Level because of circumstances not taken into account by the Sentencing Guidelines and because of the totality of the circumstances.

**III.   STANDARD TO BE EMPLOYED AT SENTENCING**

On January 12, 2005, in the consolidated cases of *United States v. Booker* and *United States v. FanFan*, supra., the United States Supreme Court held, in part, that, to the extent that 18 U.S.C.A. §3553(b)(1), makes the Federal Sentencing Guidelines mandatory, it is incompatible with the Sixth Amendment, is unconstitutional, and will be severed and excised from the Sentencing Reform Act of 1984 (Act). Likewise, §3742(e), which depends on the Guidelines' mandatory nature, will also be severed and excised. So modified, the Act makes the Guidelines effectively advisory, but requires a sentencing court to consider Guidelines ranges, See §3553(a)(4), while permitting it to tailor the sentence in light of other statutory concerns, See §3553(a). *Booker/FanFan*, at pp. 2-26. "The District Courts, while not bound

to apply the Guidelines, must consult those Guidelines and take into account when sentencing". *Id.* at p. 22; *United States v. Ordaz*, 398 F.3d 236 (3d Cir. 2005). Accordingly, there are no longer prohibited grounds for departing from a sentence indicated by the advisory Guidelines, so long as this Court takes them into account when sentencing and makes a "reasonable" decision.

**IV.    THE COURT SHOULD DETERMINE THAT THE AMOUNT OF DRUGS ATTRIBUTABLE TO THE DEFENDANT IS ONLY 7 GRAMS OF CRACK COCAINE, THAT THE DEFENDANT TIMELY ACCEPTED RESPONSIBILITY, AND THAT DEFENDANT IS NOT RESPONSIBLE FOR HIS BROTHER'S GUN.**

As part of these arguments, the Defendant refers to and relies on the testimony presented to this Court at the initial Sentencing Hearing of May 29, 2003.

**A.    Taiwan Austin is not responsible for 50.2 grams of crack cocaine placed in Erin Cook's bedroom by his brother (Lamont Austin) or amounts based on the testimony of Michelle Moudy.**

At the Sentencing Hearing of May 29, 2003, numerous witnesses testified on behalf of the Government, including Michelle Moudy (Tr. 5/29/03, pp. 6 - 39), Det. Jason Taylor (Tr. 5/29/03, pp. 40-55, who testified concerning the search of the bedroom of Erin and Rebekah Cook on 2/21/01), Rebekah Cook (Tr. 5/29/03, pp. 46-55), and Erin Cook (Tr. 5/29/03, pp 56-68). DEA Agent William F. Cook was called to rebut Taiwan Austin's testimony (Tr. 5/29/03, pp. 83-89). Co-Defendant, Lamont Austin, presented testimony of Angel Pryor (Tr. 5/29/03, pp. 69-76), and Taiwan Austin testified on his own behalf (Tr. 5/29/03, pp. 76-82). Only three of the Government's witnesses specifically testified to the quantity of crack cocaine attributable to Taiwan and Lamont Austin. <u>The testimony of none of these witnesses credibly establishes Taiwan Austin possessed in excess of 7 grams of crack cocaine.</u>

Michelle Moudy, who was in jail until late 1998, indicated that she distributed crack cocaine to the

Austins, but was unable to remember the date (Tr. 5/29/03, p. 23), how much she sold (Tr. 5/29/03, p. 23), and she could not remember the names of only two customers (Tr. 5/29/03, p. 25). On questioning from the prosecutor, she was unable to say specifically the amounts of drugs she had seen, although she said that she "would assume like probably 6's, like 128 grams, something like that. It's just big." (Tr. 5/29/03, pp. 11-12). She acknowledged that the number of "between 60 and 128 grams" was something she may have heard from the police officers (Tr. 5/29/03, p. 5).

Rebekah Cook indicated that she had no first hand knowledge of who put the crack cocaine in her bedroom (Tr. 5/29/03, pp. 50-51, 54). There were no fingerprints taken from the cocaine (Tr. 5/29/03, p. 4). It was Rebekah who placed the 50.2 grams of crack cocaine and a digital scale in a chest of drawers in the bedroom (Tr. 5/29/03, p. 54). The only identifying documents in the bedroom were documents with the name of Lamont Austin on them, <u>not Taiwan Austin</u>. Erin Cook testified that both Austins asked her to store the gun in her bedroom (Tr. 5/29/03, pp. 64-65). She could not say specifically which Austin made the request.

Taiwan Austin testified at the previous Sentencing Hearing on May 29, 2003. He readily acknowledged that he was acquainted with Michelle Moudy and that she distributed drugs for him, however, he denied he was living at Moudy's residence or that she distributed for him for more than two days (Tr. 5/29/03, pp. 76-77). The testimony indicated that another individual (Lawrence Worsham) had placed a gun in Erin Cook's bedroom (Tr. 5/29/03, p. 66).

The only credible testimony upon which this Court could reasonably make a determination of the drug quantity attributable to Taiwan Austin (versus his brother, Lamont Austin) is the testimony of Taiwan Austin, and this Court should determine that Taiwan Austin is responsible for only 7 grams of crack

cocaine.

  **B.**  **Defendant willingly and timely pleaded guilty to possession with intent to deliver crack cocaine reserving the right to dispute the amount of cocaine, and gave a written statement and testimony clearly acknowledging responsibility and is entitled to a three-level reduction in his Offense Level for acceptance of responsibility.**

  The Sentencing Guidelines provide for a two-level reduction in the Offense Level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility." Sentencing Guidelines §3E1.1(a). The Guidelines provide for the decrease of the offense level by one additional level when the offense level determined prior to the operation of §3E1.1(a) is **16** or greater, and the Defendant timely notified authorities of his intention to enter a plea o guilty thereby permitting the Government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. Sentencing Guidelines §3E1.1. In this case, the Government, at the time of the guilty plea, indicated that it would not assert that the plea was untimely for purposes of an additional one-level decrease under §3E1.1(b). The Defendant, in his plea negotiations and in his guilty plea, expressly reserved the right to dispute the quantity of the drugs at the Sentencing Hearing. The Defendant has fully accepted responsibility for the offense by entering a timely guilty plea to the Superceding Information, giving a written statement clearly accepting responsibility, and has accepted responsibility in his testimony at his previous Sentencing Hearing of May 29, 2003. The Defendant has vigorously contested the quantity of drugs attributed to him in a case where the quantity of drugs is subject to genuine dispute and that contest cannot be a basis for denying Taiwan Austin a reduction in is Offense Level for acceptance of responsibility. Taiwan Austin has accepted responsibility for distribution crack cocaine but reserved his right to have this Court determine the quantity at a Sentencing Hearing. In the circumstances of this case, Taiwan Austin's dispute of the drug

quantity is neither false nor frivolous, and there is a bona fide issue that the parties specifically reserved for resolution by this Court. This is not a case where the Defendant has falsely denied or frivolously contested relevant conduct that the Court ultimately determines to be true. See e.g., <u>United States v. Price</u>, 13 F.3d 711, 735 (3d Cir. 1994). Nor is this a case where the Defendant did not accept facts to which he had specifically pleaded guilty. <u>See, e.g.</u>, <u>United States v. Ortiz</u>, 878 F.2d 125 (3d Cir. 1989). There remains a bona fide issue concerning the drug quantity for resolution by this Court, and it should not be held against Taiwan Austin for purposes of determining his acceptance of responsibility. Likewise, Taiwan Austin's behavior in the Snyder County Prison while awaiting disposition of this case is not determinative of his acceptance of responsibility. In the circumstances, his behavior was an anomaly and the result of extraordinary stress on Taiwan Austin and should not be held against him. Taiwan Austin's conduct in Federal Prison has been misconduct-free, and he has submitted letters attesting to his general character for this resentencing.

      **C.**    **A two-level enhancement for possession of a gun is not appropriate where the testimony indicates that the gun as possessed solely by Lamont Austin and not by Taiwan Austin.**

The evidence at the Sentencing Hearing of May 29, 2003, indicated that the only identification of any individual found in the bedroom were documents and identification belonging to Lamont Austin (Tr. 5/29/03, p. 2). No fingerprints were taken from the gun (Tr. 5/29/03, p. 44). There was no indication of registration of the gun. Rebekah Cook indicated that she had no first-hand knowledge of who put the gun in her bedroom (Tr. 5/29/03, pp. 50-51, 54). Erin Cook did not say which Austin requested her to keep the gun in her bedroom (Tr. 5/29/03, pp. 64-65), and she could not remember who brought the gun to her bedroom (Tr. 5/29/03, p. 61). The testimony indicated that both the Austins would retrieve drugs from

the dresser in the room (Tr. 5/29/03, pp. 51-52, 54-55, 61-63), but there was no testimony or evidence offered showing that Taiwan Austin had any knowledge of or control over the gun under Erin Cook's mattress. Taiwan Austin denies that the gun was his (Tr. 5/29/03, pp. 78-80). Testimony from Erin Cook and Taiwan Austin indicated that a former boyfriend of Erin Cook (Lawrence Worsham) put a gun in Erin's room (Tr. 5/29/03, pp. 66-67, 68).

There was evidence from Michelle Moudy that Taiwan and Lamont Austin at one time had a gun (called either "Bertha" or "Emma"). That gun was **not** the gun upon which a two-level enhancement can be based. In fact, the prosecutor has agreed that it was highly improbable that it was the same gun as found in Erin Cook's bedroom (Tr. 5/29/03, pp. 94-95).

The evidence presented at the Sentencing Hearing of May 29, 2003, did not show by a preponderance or even an iota of evidence that Taiwan Austin actually or constructively possessed the gun found under Erin Cook's mattress, and this Court should not enhance Taiwan Austin's Offense Level for possession of the gun.

### IV.    GROUNDS FOR DOWNWARD DEPARTURE

The Defendant hereby moves this Honorable Court for departures from both the Offense Level on the following grounds:

The Court may depart downward because of (1) circumstances not taken into account by the Sentencing Guidelines that take the case outside the heartland of the Sentencing Guidelines; (2) the totality of the circumstances.

**A.    The Court may depart downward because of circumstances not taken into account by the Sentencing Guidelines that take the case outside the heartland of the Sentencing Guidelines.**

Taiwan Austin, who was born on November 4, 1974, had an early life replete with personal tragedy and upheaval. His father died when he was a child. His mother had a nervous breakdown after witnessing her brother commit suicide. Taiwan was raised by his grandmother, but his grandmother died when Taiwan Austin was only 21 years old. Taiwan Austin has one brother, Lamont Austin, and three maternal half siblings who have resided with foster parents or in a group home. Taiwan Austin already had a severe substance abuse problem by the age of 16, including smoking an ounce of marijuana a day and consuming large amounts of beer and liquor on a daily basis. As of the date of the prior sentencing on May 29, 2003, Taiwan Austin, then only 28 years old, was suffering from asthma, kidney stones, ulcers, hemorrhoids and a torn rotator cuff. Despite withdrawing from school twice (in the 9th grade and the 11th grade), Taiwan Austin was able to obtain a GED on August 4, 1993. In 2000, he made attempts at gainful employment in spite of continuing problems with drugs and alcohol. Taiwan Austin's history shows the genuine efforts of Taiwan Austin to overcome his addiction to drugs, to further educate himself, and to obtain legitimate and productive employment. These circumstances and attributes have not been fully taken into account and fall outside the heartland of the Sentencing Guidelines such as to justify a departure from the Offense Level suggested by the Guidelines.

**B.    The totality of the circumstances.**

If this Court determines that Taiwan Austin's difficult life , as well as his battle to overcome a severe drug addiction and a lack of education, do not constitute circumstances not taken into account by the advisory Guidelines, it is submitted that the totality of these circumstances justifies a departure by this Court below the Offense Level generated by the advisory Sentencing Guidelines.

WHEREFORE, Taiwan Austin respectfully moves the Court to depart from the Offense Level indicated in the Pre-Sentence Report and to determine an Offense Level of twenty nine (29) and a Criminal History Category of VI and to further depart two levels based upon circumstances not taken into account by the Guidelines and/or a totality of the circumstances, giving an **Offense Level of 27** and a **Criminal History Category of VI** for a sentence of **110 to 137 months**.

        Respectfully submitted,

s/ Enid W. Harris
ENID W. HARRIS, ESQUIRE
Pa. Supreme Court ID #30097
26 Pierce Street
Kingston, PA   18704
Phone: (570) 288-7000
Fax: (570) 288-7003
E-Mail: eharris@epix.net

**CERTIFICATE OF NON-CONCURRENCE**

Enid W. Harris, Esquire, hereby certifies that she informed AUSA William Behe of her intention to file the within Motion for Downward Departure in Support of Acceptance of Responsibility and In Opposition to Allocation of a Two-Level Enhancement For Possession of a Gun Pursuant to U.S.S.G. §2D1.1(b)(1) and Consolidated Memorandum of Law, and Attorney Behe indicated that he does not concur in the filing of said Motion.

          Respectfully submitted,

          S/ *Enid W. Harris*
          ENID W. HARRIS, ESQUIRE
          Pa. Supreme Court ID #30097
          26 Pierce Street
          Kingston, PA   18704
          Phone: (570) 288-7000
          Fax: (570) 288-7003
          E-Mail: eharris@epix.net

**CERTIFICATE OF SERVICE**

The foregoing Motion for Downward Departure and Consolidated Memorandum of Law of Taiwan Austin is being electronically filed on June 24, 2005. Accordingly, the undersigned is relying upon the Court's electronic computer filing system to e-mail said document to all counsel of record.

The Motion is also being served by regular, first class mail as follows:

> William A. Behe, Esquire
> U.S. Attorney's Office
> Room 217, Federal Building
> 228 Walnut St., Ste. 220
> Harrisburg, PA  17108

        s/ __Enid W. Harris__
        ENID W. HARRIS, ESQUIRE
        Pa. Supreme Court ID #30097
        26 Pierce St., Kingston, Pa., 18704
        Phone: (570) 288-7000 - Fax: (570) 288-7003
        E-Mail: eharris@epix.net
        Counsel for Defendant, John Brooks