```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,       :
     Plaintiff
                                        :

     vs.                       :   CRIMINAL NO.  1:CR-01-291-01

                                        :
TAIWAN AUSTIN,
     Defendant                  :


*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

     On March 11, 2008, Defendant Taiwan Austin filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence under Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. (doc. 104). The Government filed its response on March 13, 2008. (doc. 105). The Government's ultimate position appears to be that Austin's status as a career offender means that Amendment 706 does not have the effect of lowering his sentence. *Compare id*. at ¶ 5, *with id*. at ¶¶ 6(C), 8. On March 25, 2008, the probation office filed an addendum to the pre-sentence report concluding that Simmons is not eligible for a sentence reduction because after accounting for Amendment 706, "the new guideline range is driven by the Career Offender guideline, and not the drug guideline."

On September 12, 2002, Austin pleaded guilty to possession with intent to manufacture and distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  Austin's base offense level was 32 pursuant to U.S.S.G. § 2D1.1 and § 4B1.1 as he was responsible for between 50 and 150 grams of crack cocaine and he was a career offender.  *See* Judgment, May 29, 2003, Statement of Reasons.  Austin received a two-level increase pursuant to § 2D1.1(b)(2) of the sentencing guidelines for possession of a firearm, resulting in an offense level of 34. Austin's criminal history and status as a career offender called for a criminal history of VI and an applicable guideline range of 263-327 months, which was capped by the 240-month statutory maximum.  The Court sentenced Austin to 240 months' imprisonment.  (doc. 74).

The Third Circuit vacated Austin's sentence and remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  *United States v. Austin*, 125 Fed. Appx. 453 (3d Cir. 2005) (nonprecedential).  On June 28, 2005, the Court resentenced Austin, using a base offense level of 30 after determining that the enhancement for possession of a firearm was not applicable and granting Austin a two-level reduction for acceptance of responsibility.  *See* Judgment, June 28, 2005, Statement of

Reasons.  With an advisory guideline range of 168-210 months, Austin was resentenced to 198 months' imprisonment.

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect.  *Id.*, § 994(u).  Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence.  Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

U.S.S.G. § 1B1.10 (Policy Statement) (effective March 3, 2008) is the applicable policy statement.  In pertinent part, it provides that under § 3582(c)(2) a court "may reduce the defendant's term of imprisonment" when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below."  *Id.*, § 1B1.10(a)(1).  Amendment 706 is listed in subsection (c).  However, "[a] reduction . . . is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.*, § 1B1.10(b)(1).

The amended pre-sentence report concludes that Austin's sentence should not be reduced because the two-level decrease in the applicable base offense level is negated by the application of the base offense level for career offenders. We agree and we will deny Austin's motion on this basis. Pursuant to Amendment 706, the base offense level for 50 to 150 grams of crack cocaine is reduced from 32 to 30. As noted, however, Austin is classified as a career offender. A career offender sentenced under a statute with a maximum of twenty years has a base offense level of 32. U.S.S.G. § 4B1.1(b)(C) (1994). We are required to apply the career offender base offense level "if the offense level for a career offender . . . is greater than the offense level otherwise applicable . . . ." *Id*. at §

4B1.1(b).  Thus, for Austin, even though Amendment 706 reduced the base offense level for the applicable quantity of crack cocaine to 30, § 4B1.1(b) requires that we use a base offense level of 32 because Austin is a career offender.  As a result, with Austin's criminal history category of VI and the adjustment for acceptance of responsibility, Austin's guideline range remains 168-210 months, the same as it was when he was resentenced.  Pursuant to the policy statement: "A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if--(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  § 1B1.10(a)(2)(B).  Therefore, we will deny Austin's motion for reduction of sentence.

AND NOW, this 1st day of May, 2008, upon consideration of Defendant Taiwan Austin's motion pursuant to 18 U.S.C. § 3582(c)(2), it is ORDERED that the motion (doc. 104) is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

5